# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| IN RE: DANIEL R. DOLL, Debtor. | |
| ADAM M. GOODMAN, | Appeal No. 22-1004 |
| Trustee–Appellant, | On Appeal from the United States District Court for the District of Colorado |
| v. | |
| DANIEL RICHARD DOLL, | D. Colo. No. 21-cv-731 Bankr. D. Colo. No. 17-20831 |
| Debtor–Appellee. | |

**Trustee Adam M. Goodman's <u>Unopposed</u> Motion for Leave to File a Reply Brief in Support of His Petition for Rehearing En Banc**

Trustee-Appellant Adam M. Goodman ("Trustee") moves this Court for leave to file a reply brief in support of his pending rehearing petition. The Trustee has advised Appellee's counsel of this motion and **<u>Appellee does not oppose the motion</u>**. The Trustee offers the following points in support of this motion and has enclosed a proposed reply brief:

1. On January 18, 2023, a panel of the Court issued a precedential opinion in this case. The panel held the Bankruptcy Code "unambiguously provide[s] that a Chapter 13 standing trustee must return pre-confirmation [plan] payments to the debtor without deducting the trustee's fee, when a proposed Chapter 13 plan is not confirmed." Add.26-27.[1]

---

[1] "Add." denotes the addendum to Goodman's rehearing petition, which consists of the January 18, 2023 panel opinion.

2. On March 3, 2023, the Trustee timely filed a rehearing petition.

3. Three separate coalitions of *amici curiae* subsequently filed briefs in support of the Trustee's petition: (1) the National Association of Chapter 13 Trustees (NACTT); (2) three Chapter 13 trustees operating within the Tenth Circuit (i.e., William M. Bonney, Lon A. Jenkins, and Carl B. Davis); and (3) eight retired bankruptcy judges (i.e., Catherine E. Bauer, Colleen A. Brown, Leif M. Clark, Melanie L. Cyganowski, Keith M. Lundin, Bruce A. Markell, Margaret H. Murphy, and Dennis D. O'Brien).

4. On March 13, 2023, the Court ordered Appellee Daniel R. Doll to file a response to the Trustee's rehearing petition.

5. On April 6, 2023, Appellee timely filed his rehearing response.

6. The courts of appeals often allow litigants to file reply briefs in support of their pending rehearing petitions. *See, e.g.*, *Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016) ("In its reply in support of its petition for rehearing, Sudan argues that …."); *Thayer v. Chiczewski*, 705 F.3d 237, 257 (7th Cir. 2012) ("Lyttle has moved for leave to file a reply in support of his petition for rehearing; that motion is granted.").

7. The proper test for whether permission to file a reply should be granted is whether the reply would be helpful. *See, e.g., Fleming v. Coulter*, 573 F. App'x 765, 768 n.4 (10th Cir. 2014) ("Exercising our discretion, we grant Defendants' motion to file their surreply brief because the surreply … is helpful …."); *see also Hormel v. Helvering*, 312 U.S. 552, 557 (1941) ("Rules of practice … are devised to promote the ends of justice ….").

8.   The Trustee respectfully submits that the proposed reply brief (enclosed with this motion) is helpful. The reply answers Appellee's main objections to rehearing, demonstrating many of these objections ultimately support rehearing. The reply also identifies precedents and authorities that rebut a number of assertions central to Appellee's objections.

9.   The Trustee's reply brief meets the expectation that replies be no longer than half-the-words of an opening document. *See, e.g.,* FRAP 27(d)(2)(C) (limiting motion replies to 2,600 words insofar as motions are limited to 5,200 words). The Trustee's reply does not exceed 1,950 words—i.e., half the 3,900 words allowed for rehearing petitions.

10.  Appellee Doll does not oppose the Trustee's motion.

Based on the foregoing, the Court should grant the Trustee's motion for leave to file a reply in support of his pending rehearing petition.

Respectfully submitted,

Dated: April 13, 2023

By: /s/ Mahesha P. Subbaraman
    Mahesha P. Subbaraman

SUBBARAMAN PLLC
Mahesha P. Subbaraman
222 S. 9th Street, Suite 1600
Minneapolis, MN 55402
(612) 315-9210
mps@subblaw.com

*Counsel for Trustee-Appellant*
*Adam M. Goodman*

## CERTIFICATE OF COMPLIANCE

Counsel certifies under Fed. R. App. P. 32(g) that the foregoing motion meets the formatting and type-volume requirements established under Fed. R. App. P. 27(d) and 32(a). This motion is printed in 14-point, proportionately-spaced typeface using Microsoft Word 2010 and contains <u>540 words</u>. This includes headings, footnotes, and quotations, and excludes all items identified under Fed. R. App. P. 32(f).

<u>Dated</u>: April 13, 2023                     S<small>UBBARAMAN</small> **PLLC**

By:  /s/ Mahesha P. Subbaraman
     Mahesha P. Subbaraman

*Counsel for Trustee-Appellant*
*Adam M. Goodman*

# CERTIFICATE OF SERVICE

    I hereby certify that on April 13, 2023, I electronically filed the foregoing motion with the Clerk of Court through the CM/ECF System, which will send notice of such filing to counsel for all parties to this case. I further certify that counsel for all parties to this case are registered as ECF Filers and that they will be served by the CM/ECF system.

<u>Dated</u>: April 13, 2023

**SUBBARAMAN PLLC**

By: /s/Mahesha P. Subbaraman
    Mahesha P. Subbaraman

*Counsel for Trustee-Appellant*
*Adam M. Goodman*