**Appeal No. 22-1004**

# In the United States Court of Appeals
# for the Tenth Circuit

IN RE: DANIEL RICHARD DOLL, *Debtor*.

ADAM M. GOODMAN, *Trustee–Appellant*,

v.

DANIEL RICHARD DOLL, *Debtor-Appellee*.

On Appeal from the U.S. District Court for the District of Colorado
Civil Action No. 21-cv-00731-RBJ
Bankruptcy Case No. 17-20831-MER

**ADAM M. GOODMAN'S REPLY BRIEF IN SUPPORT OF
HIS PETITION FOR REHEARING EN BANC**

Mahesha P. Subbaraman
SUBBARAMAN PLLC
222 S. 9th Street, Suite 1600
Minneapolis, MN 55402
(612) 315-9210
mps@subblaw.com

*Counsel for Trustee-Appellant Adam M. Goodman*

# Table of Contents

Table of Authorities ................................................................................ ii

Argument ................................................................................................ 1

    I.  Debtor tacitly concedes the panel decision violates
constitutional due-process norms by depriving Chapter
13 trustees of their financial disinterestedness ......................... 1

        A.  Trustees are quasi-judicial officers ....................................... 1

        B.  A trustee's public office and fiduciary duties
equally require financial disinterestedness ......................... 4

    II.  Debtor elides the panel's "unnatural reading" of the law ....... 8

Conclusion .............................................................................................. 9

Certificate of Compliance ..................................................................... 10

Certificate of Service ............................................................................. 11

# Table of Authorities

**Cases**

*Carrillo v. Wieland*, 527 F. App'x 754 (10th Cir. 2013) ............................ 2

*Clark v. Martinez,* 543 U.S. 371 (2005) ....................................................... 8

*In re A-1 Trash Pickup, Inc.*, 802 F.2d 774 (4th Cir. 1986) ........................ 4

*In re Acevedo*, 497 B.R. 112 (Bankr. D.N.M. 2013) ................................... 8

*In re Andrews*, 49 F.3d 1404 (9th Cir. 1995) .............................................. 3

*In re Barkany*, 542 B.R. 699 (Bankr. E.D.N.Y. 2015) ............................ 4, 6

*In re Brookover*, 325 F.3d 1083 (6th Cir. 2003) ......................................... 4

*In re Castillo,* 296 F.3d 940 (9th Cir. 2002) ............................................. 1, 3

*In re Codesco, Inc.*, 18 B.R. 997 (Bankr. S.D.N.Y. 1982) ........................... 6

*In re Duffus,* 339 B.R. 746 (Bankr. D. Or. 2006) ........................................ 4

*In re Escarcega*, 573 B.R. 219 (B.A.P. 9th Cir. 2017) ................................. 3

*In re Greene*, 359 B.R. 262 (Bankr. D. Ariz. 2007) .................................... 3

*In re Hunter*, 553 B.R. 866 (Bankr. D.N.M. 2017) .................................... 2

*In re Johnson*, 26 B.R. 381 (Bankr. D. Colo. 1982) ................................... 4

*In re Morgan*, 375 B.R. 838 (B.A.P. 8th Cir. 2007) ................................... 7

*In re Phila. Athletic Club, Inc.*, 20 B.R. 328 (E.D. Pa. 1982) ..................... 5

*In re Plaza de Diego Shopping Center, Inc.*,
    911 F.2d 820 (1st Cir. 1990) .................................................................. 3

*In re Quick,* 43 F. Supp. 489 (E.D. Ill. 1942) .............................................. 6

*In re Ring*, 341 B.R. 387 (Bankr. D. Me. 2006) .......................................... 4

*In re Vebeliunas,* 231 B.R. 181 (Bankr. S.D.N.Y. 1991) ......................... 2, 6

*King v. Burwell*, 576 U.S. 473 (2015) ...................................................... 5, 8

*Mosser v. Darrow*, 341 U.S. 267 (1951) .................................................. 7, 8

*Peterson v. Cleaver*, 265 P. 428 (Or. 1928) ................................................... 2

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010) ............. 3

*Wellness Int'l Network v. Sharif*, 575 U.S. 665 (2015) ................................ 8

*Woods v. City Nat'l Bank & Tr. Co.*, 312 U.S. 262 (1941) .......................... 7

**Statutes**

11 U.S.C. §101(14) ............................................................................................. 4

11 U.S.C. §323(a) ............................................................................................... 4

11 U.S.C. §324(a) ............................................................................................... 7

11 U.S.C. §324(b) ............................................................................................... 7

11 U.S.C. §326(d) ............................................................................................... 4

11 U.S.C. §327(a) ............................................................................................... 4

11 U.S.C. §328(c) ............................................................................................... 4

11 U.S.C. §1302(b)(2)(B) .................................................................................. 2

11 U.S.C. §1307(b) ............................................................................................ 5

28 U.S.C. §586(e)(2) ......................................................................................... 8

Argument

I. Debtor tacitly concedes that the panel decision violates constitutional due-process norms by depriving Chapter 13 standing trustees of their financial disinterestedness.

The panel decision holds that "when a proposed Chapter 13 plan is not confirmed," Chapter 13 standing trustees "must return pre-confirmation payments to the debtor without deducting the trustee's fee." Add.26-27.[1] This decision renders Chapter 13 trustees financially interested in plan confirmation contrary to due process, which requires trustees—quasi-judicial officers—to be disinterested. *See* Goodman Pet. 10-12; Ret. Bankr. J. Amici Br. 5-12.

Debtor does not dispute that due process requires quasi-judicial officers to be financially disinterested. Nor does Debtor dispute that the panel decision robs trustees of their financial disinterestedness. Debtor argues trustees are not quasi-judicial officers and the U.S. Trustee can police the loss of disinterestedness created by the panel. Debtor's analysis proves the necessity of rehearing.

A. Trustees are quasi-judicial officers.

Trustees "perform[] both adjudicatory and administrative functions." *In re Castillo*, 296 F.3d 940, 951 (9th Cir. 2002). Courts have thus recognized trustees are quasi-judicial officers entitled to "absolute immunity for any mistakes made when discharging the

---

[1] "Add." denotes Goodman's rehearing petition addendum.

1

judicial function." *In re Hunter*, 553 B.R. 866, 872-73 (Bankr. D.N.M. 2017) (collecting cases)*; see Carrillo v. Wieland*, 527 F. App'x 754, 757 (10th Cir. 2013) ("[J]udicial immunity has been specifically extended to apply to trustees in bankruptcy proceedings.").

Debtor responds that Congress created the U.S. Trustee system "to separate the judicial and administrative functions formerly performed by bankruptcy judges and assign the latter to nonjudicial entities." Doll Resp. 11. This rebuttal fails on three levels.

**First,** Debtor's effort to brand trustees as mere administrators serves only to confirm trustees are quasi-judicial officers. "Where persons perform duties in the administration of the bankruptcy estate, **they act 'as officers of the court'** and **not private persons**." *In re Vebeliunas*, 231 B.R. 181, 192 (Bankr. S.D.N.Y. 1991) (bold added) (citation omitted). "As such, trustees and attorneys for trustees are held to high fiduciary standards of conduct." *Id.*

**Second**, Debtor ignores that some administrative functions are adjudicatory ones—the two roles are not mutually exclusive. Quasi-judicial functions arise "when the law … commits to any officer the duty of looking into facts, and acting upon them … after a discretion in its nature judicial." *Peterson v. Cleaver*, 265 P. 428, 431 (Or. 1928). A trustee's plan-confirmation duties fit this description.

The Bankruptcy Code commits to trustees the duty of "be[ing] heard" on "confirmation." 11 U.S.C. §1302(b)(2)(B). This duty entails "scrutiniz[ing] a debtor's schedules and financial wherewithal." *In*

2

re Greene, 359 B.R. 262, 264 (Bankr. D. Ariz. 2007). After looking into these facts, trustees exercise discretion: "[the] trustee may object if the plan fails to conform to all requirements in the Bankruptcy Code." *In re Andrews*, 49 F.3d 1404, 1408 (9th Cir. 1995). The judicial nature of this discretion is evinced by the mutual "obligation" of courts to ensure a "plan complies with … the Code." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 277 (2010).

Bankruptcy courts, in turn, have stressed that trustee review of plans is "necessary to permit the bankruptcy court to do its job." *In re Escarcega*, 573 B.R. 219, 234 (B.A.P. 9th Cir. 2017). "The trustee must either recommend confirmation or object to confirmation." *Id.* Such holdings leave no doubt that a trustee's plan-confirmation duties are "closely associated with the judicial process," making trustees quasi-judicial officers. *Castillo*, 297 F.3d at 952.

**Third**, Debtor misses the reason why the U.S. Trustee system effects a judicial/administrative separation: to uphold the trustee's duty to be an "impartial administrator." *In re Plaza de Diego Shopping Center, Inc.*, 911 F.2d 820, 829 n.16 (1st Cir. 1990). Before the Trustee system, judges appointed trustees. *Id.* Trustees were then "reluctant to take positions contrary to the judges who appointed the trustee," resulting in an "awkward relationship." *Id.* This history bolsters the Trustee's case for rehearing. The panel decision forces trustees into an awkward relationship with Chapter 13 debtors—one that directly endangers trustees' ability to be impartial administrators.

3

## B. A trustee's public office and fiduciary duties equally require financial disinterestedness.

Quasi-judicial or not, Chapter 13 trustees are "individual[s] appointed by the Executive Branch to perform a public office." *In re Brookover*, 325 F.3d 1083, 1089 (6th Cir. 2003). Congress "expect[s] … trustees to actively oversee … bankruptcy cases and to intervene whenever particular actions threaten[] an abuse of the … system." *In re A-1 Trash Pickup, Inc.*, 802 F.2d 774, 775-76 (4th Cir. 1986).

In this capacity, trustees must oversee debtors and exercise "prosecutorial discretion" in many ways before plan confirmation. *In re Duffus*, 339 B.R. 746, 748 (Bankr. D. Or. 2006). When debtors fail to hand over their tax returns, "[t]he trustee has discretion to pursue dismissal, excuse noncompliance, or accept tardy compliance." *In re Ring*, 341 B.R. 387, 390 (Bankr. D. Me. 2006). Trustee discretion similarly governs whether to void a debtor's transfer of property as fraud. *In re Johnson*, 26 B.R. 381, 383 (Bankr. D. Colo. 1982).

These powers necessarily "require[] that a trustee and his or her retained professionals be disinterested and free of any disabling conflict during the pendency of a case." *In re Barkany*, 542 B.R. 699, 713 (Bankr. E.D.N.Y. 2015). The Bankruptcy Code cements this rule. The Code sets up trustees as fiduciaries; adopts a broad definition of disinterestedness; and allows trustees to employ only disinterested assistants (with potentially severe penalties for violations). *Id.* at 712; *see* 11 U.S.C. §§101(14), 323(a), 326(d), 327(a), 328(c).

4

Against all these Code provisions intended to guard trustee *independence*, the panel decision holds Congress meant to make the compensation of Chapter 13 trustees *dependent* on confirmation of a debtor's plan. Add.26-27. To put this in context, the Code requires a trustee's assistants to "be free of the slightest personal interest … which might impair the high degree of impartiality … expected of them." *In re Phila. Athletic Club, Inc.*, 20 B.R. 328, 334 (E.D. Pa. 1982). A trustee could <u>not</u> then condition a staff attorney's salary on plan confirmation. Yet, under the panel decision, the Code imposes this forbidden conflict-of-interest directly on trustees.

Worse still, the panel decision enables debtors to respond to trustees' pre-confirmation oversight with the following message: *settle this now or I will dismiss my case and you will have to refund your fees post-haste*. *See* 11 U.S.C. §1307(b) (Ch. 13 debtors may dismiss "at any time"). Since the panel decision, the Trustee has received a message to this effect. The Trustee does not exaggerate, then, in saying the panel decision "corrodes the integrity of the U.S. Trustee program," making rehearing vital. Goodman Pet. 10.

Debtor replies that "supervision by the United States Trustee" stands to "remedy" any risk of abuse posed by the panel decision's deprivation of trustee disinterestedness. Doll Resp. 11. This analysis supports rehearing. The purpose of statutory interpretation is a "fair reading of legislation." *King v. Burwell*, 576 U.S. 473, 497-98 (2015). When the Bankruptcy Code requires trustees to "be divested of any

scintilla of personal interest," is it fair to read the Code's trustee-fee provisions in a way that gives trustees a significant personal interest and requires the U.S. Trustee to police the aftermath? *Barkany*, 542 B.R. at 713. Or is the fair reading one that precludes any conflict-of-interest in the first place (i.e., fee collection in all cases)?

Debtor also misses the point. When a financial arrangement compromises a trustee's disinterestedness—as occurs under the panel's interpretation of the Code's trustee-fee provisions—it is no answer to say that abuses are unlikely and can be policed. "To be disinterested is **to prevent even the appearance of a conflict** …." *Vebeliunas,* 231 B.R. at 190-91 (bold added). Disinterestedness means that from the beginning "[t]here should be no opportunity for the exercise of conflicting interests or the appearance that dual loyalty may exist." *In re Codesco, Inc.*, 18 B.R. 997, 999 (Bankr. S.D.N.Y. 1982). The Code's trustee-disinterestedness provisions accordingly dictate that a trustee's "independent judgment should not be compromised **in any way**." *Vebeliunas,* 231 B.R. at 193 (bold added).

In neglecting this norm, the panel decision unravels not just the Bankruptcy Code but rules that have governed bankruptcy cases for generations. Bankruptcy cases predating the Code make this clear. These cases explain the trustee's role "cannot be overemphasized for in him all administrative power of the court is centered." *In re Quick,* 43 F. Supp. 489, 490 (E.D. Ill. 1942). When trustees are independent, the "administration is likely to be creditable." *Id.* So trustees must

6

"be disinterested," having "no affiliation with the bankrupt, for obviously it may be [the trustee's] duty … to take legal proceedings against the latter." *Id.* Moreover, "[c]reditors are entitled to have their interests in the hands of an administrator who can act freely and whose impartiality is beyond question." *Id.*

The Supreme Court has strictly enforced these tenets, holding "[e]quity" compels "[trustee] forbearance of all opportunities … that might bring the disinterestedness of [a trustee's] administration into question." *Mosser v. Darrow*, 341 U.S. 267, 271 (1951). The Court has further established that whenever a trustee is "subject to conflicting interests, he should be denied compensation. It is no answer to say that fraud or unfairness were not shown to have resulted." *Woods v. City Nat'l Bank & Tr. Co.*, 312 U.S. 262, 268 (1941).

Under this law, the panel decision's undisputed deprivation of trustee disinterestedness could be understood to disqualify Chapter 13 trustees in every case they serve. *See* 11 U.S.C. §324(a). "Causes for removal include … the trustee is not disinterested." *In re Morgan*, 375 B.R. 838, 848 (B.A.P. 8th Cir. 2007). "[R]emoval of a trustee from one case [then] automatically constitutes removal of that trustee in all other cases in which the trustee is serving, unless the court orders otherwise." *Id.*; *see* 11 U.S.C. §324(b). This remarkable situation more than sufficiently justifies rehearing in this matter, no less than if the panel had ruled that federal magistrate judges may be compensated only "when cases go to trial." Ret. Bankr. J. Amici. Br. 12.

7

## II. Debtor elides the panel's "unnatural reading" of the law.

Debtor argues the panel decision rests "firmly" on the "ordinary meaning" of the Bankruptcy Code's trustee-fee provisions. Doll Resp. 2. In reality, the panel adopts an "unnatural reading" of 28 U.S.C. §586(e)(2)'s broad fee-collection mandate, as cases aligned with the panel admit. *In re Acevedo*, 497 B.R. 112, 124 (Bankr. D.N.M. 2013). Debtor elides this admission as well as the panel's admission that "courts are divided" on the issue-at-hand. Add.12 n.6.

Debtor goes on to dismiss the Trustee's grounds for rehearing as "public policy arguments and dire predictions … without any support." Doll Resp. 9. But when courts read statutes, they "must consider the necessary consequences" before adopting a reading that "raise[s] a multitude of constitutional problems." *Clark v. Martinez*, 543 U.S. 371, 380-81 (2005). Courts must also "take care not to undo what [the Legislature] has done." *King* 576 U.S. at 498.

The panel reads the Code's trustee-fee provisions to condition trustee fees on plan confirmation—a proposition that violates due process and undoes Congress's systematic requirement of trustee disinterestedness. Eight well-respected former bankruptcy judges agree, and they should know. *See* Ret. Bankr. J. Amici. Br. 5-12; *see also Wellness Int'l Network v. Sharif*, 575 U.S. 665, 668 (2015) (lauding bankruptcy judges). Rehearing is thus warranted of an unnatural reading of the Code that "demoralize[s] trusteeships and discredit[s] bankruptcy administration." *Mosser*, 341 U.S. at 275.

## Conclusion

The Court should grant the Trustee's rehearing petition.

Respectfully submitted,

Dated: April 13, 2023                By:  /s/ Mahesha P. Subbaraman
                                          Mahesha P. Subbaraman

SUBBARAMAN PLLC
Mahesha P. Subbaraman
222 S. 9th Street, Suite 1600
Minneapolis, MN 55402
(612) 315-9210
mps@subblaw.com

*Counsel for Trustee-Appellant
Adam M. Goodman*

9

## Certificate of Compliance

The undersigned counsel for Adam M. Goodman certifies that this rehearing reply meets the formatting requirements of Fed. R. App. P. 32(a). This reply is printed in 14-point, proportionately-spaced typeface utilizing Microsoft Word 2010. This reply contains **1,920 words**, including headings, footnotes, and quotations, and excluding all items identified under Fed. R. App. P. 32(f).

Dated: April 13, 2023       SUBBARAMAN PLLC

By: /s/Mahesha P. Subbaraman
Mahesha P. Subbaraman

*Counsel for Trustee-Appellant
Adam M. Goodman*

## Certificate of Service

The undersigned counsel for Adam M. Goodman certifies that on April 13, 2023, he electronically filed the foregoing reply with the Clerk of the Court for the U.S. Court of Appeals for the Tenth Circuit using the CM/ECF system. The undersigned further certifies that all participants in this matter are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: April 13, 2023           SUBBARAMAN PLLC

                                By: /s/Mahesha P. Subbaraman
                                    Mahesha P. Subbaraman

                                *Counsel for Trustee-Appellant*
                                *Adam M. Goodman*

11